IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KINSALE INSURANCE COMPANY, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> FLYIN' DIESEL PERFORMANCE & § <br> OFFROAD, LLC, ROSS M. DUNAGAN, § <br> INDIVIDUALLY AND D/B/A AIRPORT § <br> RACE WARS 2, ABEL & KARLA § <br> MARTINEZ, JR., INDIVIDUALLY and as § <br> HUSBAND AND WIFE and as the § <br> NATURAL PARENTS AND § <br> REPRESENTATIVES OF THE ESTATE OF § <br> SANTIAGO MARTINEZ, FRANCISCO § <br> GERARDO RECIO PALACIOS, § <br> INDIVIDUALLY and O/B/O THE ESTATE § <br> OF REBECCA CEDILLO and THEIR § <br> SURVIVING NATURAL CHILDREN, § <br> CHANCE JONES, INDIVIDUALLY and as § <br> REPRESENTATIVE OF THE ESTATE OF § <br> D.I.T.J., DELIA JONES, INDIVIDUALLY § <br> and as NEXT FRIEND OF J.D.J. and MARY § <br> KATE WALLS, INDIVIDUALLY and as § <br> NEXT FRIEND OF G.M.J. § <br> § <br> Defendants. § | | CAUSE NO. __5:22-cv-48_____ |

**COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Kinsale Insurance Company ("Kinsale") files this Complaint for Declaratory Judgment.

Complaint For Declaratory Judgment – Page 1

## I. PARTIES

1. Plaintiff, Kinsale Insurance Company, is a surplus lines property and casualty insurance company incorporated in Arkansas with its principal place of business in Richmond, Virginia.

2. Defendant, Flyin' Diesel Performance & Offroad, LLC ("Flyin' Diesel"), is a Texas limited liability company, with its headquarters in Kerrville, Kerr County, Texas. Flyin' Diesel can be served through its registered agent, Ross M. Dunagan, at 2000 Airport Loop, Kerrville, Texas 78028.

3. Defendant, Ross M. Dunagan d/b/a Airport Race Wars 2 ("Dunagan") is a Texas resident who may be served at his place of business, 2000 Airport Loop, Kerrville, Texas 78028, or wherever he may be found.

4. Defendants, Abel & Karla Martinez, Jr., Individually and as Husband and Wife, and as the Natural Parents and Representatives of the Estate of Santiago Martinez (collectively, "Martinez") are Texas residents who reside in Bexar County, Texas. They may be served wherever they may be found.

5. Defendant, Francisco Gerardo Recio Palacios, Individually and O/B/O the Estate of Rebecca Cedillo, and Their Surviving Natural Children (collectively, "Palacios") are Texas residents who reside in Bexar County, Texas. They may be served wherever they may be found.

6. Defendant, Chance Jones, Individually and as Representative of the Estate of D.I.T.J. is a Texas resident residing in Williamson County, Texas. He may be served at 2110 Canvas Back Drive, Taylor, Texas 76574, or wherever he may be found.

7.    Defendant Delia Jones, Individually and as Representative of the Estate of J.D.J. is an individual residing in Williamson County, Texas. She may be served at 214 Ferguson Road, Taylor, Texas 76574, or wherever she may be found.

8.    Defendant Mary Kate Walls, Individually and as Next Friend of G.M.J. is an individual residing in Williamson County, Texas. She may be served wherever she may be found.

## II. JURISDICTION AND VENUE

9.    This Court has diversity jurisdiction pursuant to 28 U.S.C. 2201 and 28 U.S.C. 1332, as there is a diversity of citizenship among the parties. The case involves a declaration of rights under an insurance policy. The underlying claim arises from a multi-party, multi-fatality and injury claim. As such, the costs to defend such a suit, and any costs to indemnify the policyholder Flyin' Diesel and Dunagan are reasonably anticipated to exceed $75,000.00. Consequently, the amount in controversy requirements for federal jurisdiction have been met.

10.   Venue is appropriate in the Western District of Texas under 28 U.S.C. 1391(b) as venue would be proper in Kerr County, Texas. The insurance policy at issue was delivered to Flyin' Diesel at its offices in Kerrville, Texas. On information and belief, Dunagan is a resident of Kerr County, Texas. The lawsuit for which defense is sought, Cause No. 2021CI23299, *Abel & Karla Martinez, Jr., et al v. Flyin' Diesel Performance & Offroad, et al.*, In the 45th District Court of Bexar County, Texas, (the "Lawsuit") is being litigated in Bexar County.[1] In the Lawsuit, Martinez and Palacios are plaintiff; Defendants Chance Jones, Delia Jones and Mary Kate Walls are interveners. Collectively, these persons are referred to as "Underlying Plaintiffs".

## III. FACTS

*The Lawsuit Alleges Claims Against Flyin' Diesel and Dunagan*

---

[1] A copy of the Lawsuit is attached hereto as Exhibit "A". A copy of Petition in Intervention for the Lawsuit is attached hereto as Exhibit "B".

Complaint For Declaratory Judgment – Page 3

11. In the Lawsuit, Underlying Plaintiffs assert that they suffered personal injuries, including fatalities, while attending an event called "Race Wars 2" sponsored, organized and run by Flyin' Diesel and Dunagan. These injuries occurred when a vehicle driven by Michael Gonzalez lost control and collided with race spectators, including Underlying Plaintiffs. The Lawsuit asserts that Flyin' Diesel and Dunagan acted negligently in a variety of ways, including but not limited to, the following:

- Failing to provide a safe location for spectators to the Race Wars 2 event;
- Failing to submit safety plans for the event to a qualified safety expert;
- Failing to establish proper safety measures, including adequate barriers, to protect spectators;
- Failing to install proper barricades extending through and past the finish line;
- Allowing and encouraging spectators to set up in an unsafe area;
- Failing to provide proper crowd control;
- Failing to inspect the track for hazards to participants and spectators;
- Failing to ensure that race vehicles were in good working order;
- Failing to properly screen the contestants and vehicles;
- Failing to enforce safety plans and/or
- Failing to follow established safety practices.

*The Insurance Policy*

12. Kinsale issued Policy No. 0100166074-0 with Effective Dates October 23, 2021 – October 24, 2021to Flyin' Diesel (the "Policy"). The Policy contains limits of liability in the amount of $1 million each occurrence, $2 million general aggregate, and $2 million products/completed operations aggregate.[2]

---

[2] A copy of the policy is attached hereto as Exhibit "C".

Complaint For Declaratory Judgment – Page 4

13. The Policy provides liability coverage under the following provision:

**SECTION I – COVERAGES**

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

   (1) The amount we will pay for damages is limited as described in Section **III -** Limits Of Insurance; and

   (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

14. Additionally, the Policy contains several endorsements/exclusions pertinent to the claims asserted in the Lawsuit which will limit or exclude Kinsale's obligations to respond on behalf of Flyin' Diesel and Dunagan to Underlying Plaintiffs. Each exclusion will be discussed *infra*.

*Flyin' Diesel Tenders the Lawsuit to Kinsale, and Kinsale*
*Agrees to Defend Under a Reservation of Rights*

12. On November 10, 2021, Flyin' Diesel tendered the Lawsuit filed by the Underlying Plaintiffs to Kinsale. Kinsale agreed to defend Flyin' Diesel and Dunagan, subject to a complete reservation of rights. As part of that reservation, Kinsale reserved its right to file a petition for declaratory relief to obtain a determination as to its obligations: (1) to provide a defense to Flyin'

Diesel and Dunagan in the Lawsuit; and (2) to indemnify Flyin' Diesel and Dunagan against any damages awarded in connection with the Lawsuit.

## IV. CAUSE OF ACTION

13. Kinsale seeks a declaration pursuant to the Federal Declaratory Judgment Act that it has no obligation to defend Flyin' Diesel and Dunagan in connection with the Lawsuit, and that it has no obligation to indemnify Flyin' Diesel or Dunagan, in the event that Underlying Plaintiffs succeed in obtaining a judgment against either. Further, Kinsale will never have a duty to pay any indemnity to Underlying Plaintiffs, assuming Underlying Plaintiffs secure a verdict against either or both Flyin' Diesel or Dunagan.

*First Declaration—No Coverage Due to Traffic Control Exclusion*

14. The Policy excludes coverage for personal injuries arising out of negligence involving traffic control. The Policy provides as follows:

**EXCLUSION - TRAFFIC CONTROL**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**

The following exclusion is added to this policy:

This insurance does not apply to any claim or "suit" for "bodily injury", "property damage" or "personal and advertising injury" arising directly or indirectly out of, related to, or, in any way involving "traffic control" of any type, including but not limited to any failure to provide "traffic control".

For purposes of this endorsement "traffic control" means any directions given to pedestrians, cyclists, or operators of motorized vehicles. "Traffic control" includes but is not limited any verbal instruction, signage, markings, cones, flagging, motioning, barriers, and lighting.

This exclusion applies to the design, placement or supervision of any "traffic control", and to the negligent hiring, employment, training, supervision, or retention of any insured, employee, agent or other person with respect to "traffic

control", and regardless of whether such "traffic control" is conducted by you, on your behalf, for yourself or for others.

15. The Lawsuit alleges Flyin' Diesel and Dunagan were negligent in a variety of ways, including the failure to provide a safe location for spectators, the use of inadequate barriers, failure to provide adequate barricades and failure to provide proper crowd control. Such failures fall under the definition of "traffic control," as defined in the Policy. Because the traffic control exclusion applies, the allegations in the Lawsuit and the language of the Policy negate any coverage obligation on behalf of Kinsale. Kinsale is entitled to a declaration that no coverage exists which would obligate Kinsale to defend Flyin' Diesel or Dunagan in the Lawsuit or to indemnify either against any damages recovered by Underlying Plaintiffs. Kinsale further is entitled to a declaration that Underlying Plaintiffs are not entitled to indemnity under the Policy in the event they recover a judgment against Flyin' Diesel and/or Dunagan.

*Second Declaration—No Coverage Due to Use of Auto*

16. The Policy excludes coverage for personal injuries arising out of the use of an auto as follows:

**EXCLUSION - ABSOLUTE AUTO, AIRCRAFT AND WATERCRAFT**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**

**SECTION I—COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions**, paragraph **g**. is deleted and replaced by the following:

**g.**     Aircraft, Auto or Watercraft

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft. Use includes operation and "loading or unloading" and the handling and placing of persons, by an insured, into, onto or from an "auto".

> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft.
>
> **SECTION IV—COMMERCIAL GENERAL LIABILITY CONDITIONS, Other Insurance**, paragraph **b. Excess Insurance**, subparagraph reading as follows, is deleted from this policy:
>
> "If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion **g.** of Section **I — Coverage A —** Bodily Injury And Property Damage Liability."

The Lawsuit alleges that Underlying Plaintiffs suffered bodily injuries, including fatal injuries, when an auto driven by Michael Gonzalez lost control and crashed into an area where spectators stood. Because the absolute auto exclusion applies, the allegations in the Lawsuit and the language of the Policy negate any coverage obligation on behalf of Kinsale. Kinsale is entitled to a declaration that no coverage exists which would obligate Kinsale to defend Flyin' Diesel or Dunagan in the Lawsuit or to indemnify either against any damages recovered by Underlying Plaintiffs. Kinsale further is entitled to a declaration that Underlying Plaintiffs are not entitled to indemnity under the Policy in the event they recover a judgment against Flyin' Diesel and/or Dunagan.

*Declaration Three—No Coverage Due to Athletic and Sporting Events Exclusion*

17.     The Policy excludes coverage for personal injuries arising out of athletic or sporting events as follows:

**EXCLUSION - ATHLETIC PARTICIPANTS**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**

The following exclusion is added to this Policy:

> This insurance does not apply to any claim or "suit" for "bodily injury", "property damage" or "personal and advertising injury" arising directly or indirectly out of, related to, or, in any way involving any preparation, practice, or training for or participation in any contest, exhibition, exercise, activity or event of an athletic or sports nature by any person.
>
> This exclusion applies to any claim or "suit" regardless of whether the excluded activity is the initial precipitating cause or is in any way a cause, and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any sequence, including whether any actual or alleged "bodily injury", "property damage" or "personal and advertising injury" arises out of a chain of events that includes any excluded activity.

The Lawsuit alleges that Underlying Plaintiffs suffered personal injuries while attending the Race Wars 2 event; particularly, that they suffered injuries when a driver during a race for prize money lost control of a vehicle. Because the athletic/sporting event exclusion applies, the allegations in the Lawsuit and the language of the Policy negate any coverage obligation on behalf of Kinsale. Kinsale is entitled to a declaration that no coverage exists which would obligate Kinsale to defend Flyin' Diesel or Dunagan in the Lawsuit or to indemnify either against any damages recovered by Underlying Plaintiffs. Kinsale further is entitled to a declaration that Underlying Plaintiffs are not entitled to indemnity under the Policy in the event they recover a judgment against Flyin' Diesel and/or Dunagan.

*Declaration Four—No Coverage Due to Seating, Grandstands and Bleachers Exclusion*

18. The Policy excludes coverage for personal injuries arising from the use of seating, grandstands and bleachers as follows:

> **EXCLUSION - SEATING, GRANDSTANDS AND BLEACHERS**
>
> **This endorsement modifies insurance provided under the following:**
>
> **COMMERCIAL GENERAL LIABILITY COVERAGE**
>
> The following exclusion is added to this Policy:

> This insurance does not apply to any claim or "suit" for "bodily injury", "property damage" or "personal and advertising injury" arising directly or indirectly out of, related to, or, in any way involving the ownership, construction, maintenance, evaluation or inspection, rental, use or operation of bleachers, grandstands or seating.

The Lawsuit alleges that Underlying Plaintiffs suffered personal injuries because they were directed to collect, congregate and observe the Race Wars 2 event from a particular location which was unsafe and not adequately protected from the dangers posed by the Race Wars 2 event. Because the seating, grandstands and bleachers exclusion applies, the allegations in the Lawsuit and the language of the Policy negate any coverage obligation on behalf of Kinsale. Kinsale is entitled to a declaration that no coverage exists which would obligate Kinsale to defend Flyin' Diesel or Dunagan in the Lawsuit or to indemnify either against any damages recovered by Underlying Plaintiffs. Kinsale further is entitled to a declaration that Underlying Plaintiffs are not entitled to indemnity under the Policy in the event they recover a judgment against Flyin' Diesel and/or Dunagan.

*Declaration Five—No Coverage Due to Motorized Vehicles Exclusion*

19. The Policy excludes coverage for any claim arising out of the use of a motorized vehicle as follows:

**ABSOLUTE EXCLUSION - MOTORIZED VEHICLES**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**

The following exclusion is added to this Policy:

This insurance does not apply to any claim or "suit" for "bodily injury", "property damage" or "personal and advertising injury" arising directly or indirectly out of, related to, or, in any way involving the operation, maintenance, use, entrustment to others, or "loading or unloading" of any motorized vehicle of any type. Motorized vehicle includes, but is not limited to:

Complaint For Declaratory Judgment – Page 10

    1.    "Autos";

    2.    Motorized bicycles, electric bicycles;

    3.    All-Terrain Vehicles (ATVs), Utility Task Vehicles (UTVs);

    4.    Golf carts, club carts/cars;

    5.    "Mobile equipment"; and

    6.    Mopeds, motor scooters, electric scooters.

> This exclusion applies to any claim or "suit" regardless of whether any motorized vehicle is the initial precipitating cause or is in any way a cause, and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any sequence, including whether any actual or alleged "bodily injury", "property damage" or "personal and advertising injury" arises out of a chain of events that involves any motorized vehicle.

The Lawsuit alleges that Underlying Plaintiffs suffered personal injury when a motorized vehicle driven by Michael Gonzales lost control and crashed into the area where they had been directed to observe the event. Because the absolute motorized vehicle exclusion applies, the allegations in the Lawsuit and the language of the Policy negate any coverage obligation on behalf of Kinsale. Kinsale is entitled to a declaration that no coverage exists which would obligate Kinsale to defend Flyin' Diesel or Dunagan in the Lawsuit or to indemnify either against any damages recovered by Underlying Plaintiffs. Kinsale further is entitled to a declaration that Underlying Plaintiffs are not entitled to indemnity under the Policy in the event they recover a judgment against Flyin' Diesel and/or Dunagan.

## V. PRAYER FOR RELIEF

20. Based on the foregoing, Kinsale seeks that the Court make the following declarations pursuant to 28 U.S.C. 2201:

    a.    That Kinsale owes Flyin' Diesel and Dunagan no duty of defense or indemnity and no indemnity obligation to Underlying Plaintiffs as the traffic control exclusion negates any potential for coverage for the claims asserted in the Lawsuit;

b. That Kinsale owes Flyin' Diesel and Dunagan no duty of defense or indemnity and no indemnity obligation to Underlying Plaintiffs as the absolute auto, aircraft and watercraft exclusion negates any potential for coverage for the claims asserted in the Lawsuit;

c. That Kinsale owes Flyin' Diesel and Dunagan no duty of defense or indemnity and no indemnity obligation to Underlying Plaintiffs as the athletic/sporting events exclusion negates any potential for coverage for the claims asserted in the Lawsuit;

d. That Kinsale owes Flyin' Diesel and Dunagan no duty of defense or indemnity and no indemnity obligation to Underlying Plaintiffs as the use of bleachers, grandstands or seating exclusion negates any potential for coverage for the claims asserted in the Lawsuit; and

e. That Kinsale owes Flyin' Diesel and Dunagan no duty of defense or indemnity and no indemnity obligation to Underlying Plaintiffs as the absolute motorized vehicle exclusion negates any potential for coverage for the claims asserted in the Lawsuit;

21. WHEREFORE, PREMISES CONSIDERED, Plaintiff, Kinsale Insurance Company respectfully prays that this Honorable Court GRANT the requested declaratory relief. Kinsale Insurance Company further requests that this Honorable Court award it such other and further relief to which it may be entitled.

Dated: January 19, 2022

COZEN O'CONNOR

_____
Gregory S. Hudson
State Bar No. 00790929
LyondellBasell Tower
1221 McKinney St., Suite 2900
Houston, Texas 77010
Tel. No. 832.214.3900
Fax. No. 832.214.3905
ghudson@cozen.com

ATTORNEYS FOR PLAINTIFF
KINSALE INSURANCE COMPANY