# EXHIBIT A

FILED
11/5/2021 5:50 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Martha Laura Medellin

Case 5:22-cv-00048-JKP   Document 1-1   Filed 01/21/22   Page 2 of 20

8 CIT PPS  W JD

CAUSE NO. **2021CI23299** _____

| | | |
|---|---|---|
| ABEL & KARLA MARTINEZ, JR., | § | IN THE DISTRICT COURT |
| INDIVIDUALLY and as Husband and Wife, | § | |
| and as the Natural Parents and | § | |
| Representatives of THE ESTATE OF | § | |
| SANTIAGO MARTINEZ, Deceased | § | |
| | § | |
| and | § | |
| | § | Bexar County - 45th District Court |
| FRANCISCO GERARDO RECIO PALACIOS | § | |
| Individually and O/B/O THE ESTATE OF | § | |
| REBECCA CEDILLO, Deceased, and | § | |
| Their Surviving Natural children | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| FLYIN' DIESEL PERFORMANCE | § | |
| & OFFROAD, LLC, JORDAN FORD, LTD, | § | |
| ROSS M. DUNAGAN, Individually and | § | |
| D/B/A AIRPORT RACEWARS 2, | § | |
| MICHAEL GONZALES, FERNANDO | § | |
| GARZA, PROGRESSIVE COUNTY | § | |
| MUTUAL INSURANCE COMPANY, | § | |
| and GENUINE PARTS COMPANY D/B/A | § | |
| NAPA AUTO PARTS | § | |
| Defendants. | § | BEXAR COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

1.     NOW COME, **ABEL & KARLA MARTINEZ, JR.** Individually and as Husband
and Wife, and as the Natural Parents and Representatives of **THE ESTATE OF
SANTIAGO MARTINEZ**, Deceased and **FRANCISCO GERARDO RECIO
PALACIO**S, Individually and on behalf of **THE ESTATE OF REBECCA CEDILLO**,

Deceased, and Their Surviving Natural Children, hereinafter Plaintiffs, complaining of **FLYIN' DIESEL PERFORMANCE & OFFROAD, LLC**, **JORDAN FORD, LTD**, **ROSS M. DUNAGAN**, Individually, and **D/B/A AIRPORT RACEWARS 2**, **MICHAEL GONZALES**, **FERNANDO GARZA**, **PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY**, and **GENUINE PARTS COMPANY D/B/A NAPA AUTO PARTS**, Defendants, and for cause of action show:

## I. DISCOVERY CONTROL PLAN LEVEL

**2.**     Plaintiffs intend that discovery be conducted under Level 3.

## II. PARTIES

**3.**     Plaintiffs are individuals who reside in Bexar County, Texas.

**4.**     FLYIN' DIESEL PERFORMANCE & OFFROAD, LLC is a company doing business in Texas that may be served with notice of this lawsuit by and through its registered agent for service, Ross M. Dunagan, at 2000 Airport Loop, Kerrville, Texas 78028, or wherever he may be found. Citation for service of process is requested at this time.

**5.**     JORDAN FORD, LTD is a company doing business in Texas that may be served with notice of this lawsuit by and through its registered agent for service, Mike Trompeter, or designated agent or employee authorized to accept service on his behalf, at 13010 IH-35 North, San Antonio, Texas 78233, or wherever he may be found. Citation for service of process is requested at this time.

**6.**      ROSS M. DUNAGAN D/B/A AIRPORT RACEWARS 2 is a sole proprietorship doing business in Texas that may be served with notice of this lawsuit at 2000 Airport Loop, Kerrville, Texas 78028, or wherever he may be found. <u>Citation for service of process is requested at this time</u>.

**7.**      Defendant ROSS M. DUNAGAN, is an individual who may be served with notice of this lawsuit at 2000 Airport Loop, Kerrville, Texas 78028, or wherever he may be found. <u>Citation for service of process is requested at this time</u>.

**8.**      Defendant MICHAEL GONZALES is an individual who may be served with notice of this lawsuit wherever he may be found. <u>Citation for service of process is requested at this time</u>.

**9.**      Defendant FERNANDO GARZA is an individual who may be served with notice of this lawsuit wherever he may be found. <u>Citation for service of process is requested at this time</u>.

**10.**     Defendant, PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY, is an insurance company registered in Texas who may be served with this lawsuit by and through its registered agent for service, C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201. <u>Citation for service of process is requested at this time</u>.

**11.**     GENUINE PARTS COMPANY D/B/A NAPA AUTO PARTS is a company doing business in Texas that may be served with notice of this lawsuit by and through its registered agent for service, C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201. <u>Citation for service of process is requested at this time</u>.

### III. JURISDICTION AND VENUE

**12.**     This court has jurisdiction over the parties, subject matter, and sums involved.

**13.**     Venue is proper in Bexar County Texas, pursuant to Tex. Ins. Code §1952.110(1), since Plaintiffs, ABEL & KARLA MARTINEZ, JR., Individually and as Husband and Wife, and as the Natural Parents and Representatives of THE ESTATE OF SANTIAGO MARTINEZ, resided in Bexar County at the time that their underinsured/uninsured motorist claims against their carrier PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY became ripe. Bexar County is also the county where the transaction purchasing the insurance policy occurred.

**14.**     Venue is proper in Bexar County pursuant to Tex. Civ. P. & Rem. Code §15.002(a)(1) & (3) since it is the principal place of business of JORDAN FORD, LTD, and its decision to sponsor the event that caused the deaths injuries complained of occurred in Bexar County, Texas. It would not be inconvenient to litigate in this county.

**15.**     Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs seek monetary relief over $1,000,000.00 (*One Million Dollars*) and a demand for judgment for all other relief to which Plaintiffs may be entitled at the time of filing of this petition, which, with the passage of time, may change.

### IV. FACTS

**16.**     Plaintiffs bring this lawsuit to recover for damages arising out of an automobile versus pedestrians accident that occurred on or about October 23, 2021, at an event

called FLYIN' DIESEL PERFORMANCE RACEWARS 2. At that time, A 1990 Ford Mustang driven by MICHAEL GONZALES and owned by FERNANDO GARZA, who were competing for a cash prize, lost control and careened into the invited spectators who were present at the end of the defectively barricaded raceway. As a direct result of the actions and/or inactions of the Defendants, Plaintiffs suffered injuries and damages for which they seek redress in a court of law.

17.    At the time of the accident, an insurance policy with policy number 949789794 written by Defendant PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY ("PROGRESSIVE") was in effect. Upon information and belief, said policy of insurance provided first-party underinsured motorist benefits. At the time of the accident, Plaintiffs ABEL & KARLA MARTINEZ, JR., Individually and as Husband and Wife, and as the Natural Parents and Representatives of THE ESTATE OF SANTIAGO MARTINEZ, were covered by the policy of insurance. The third-party tortfeasors who were responsible for causing this horrendous accident do not have sufficient insurance resources to compensate these Plaintiffs for their injuries. PROGRESSIVE has failed to make the Plaintiffs whole from the insurance policy to which they are beneficiaries, for which they now sue.

## V. NEGLIGENCE OF MICHAEL GONZALES

18.    Said accident was proximately caused by various negligent acts and/or omissions of Defendant, MICHAEL GONZALES. The negligent acts and/or omissions include:

1. Faulty evasive action;

2. Failing to control speed;

3. Failing to timely apply the brakes of the vehicle;

4. Failing to yield the right of way;

5. Failing to keep the vehicle under such control as an ordinary prudent person in the exercise of ordinary care would have operated and controlled his vehicle under the same or similar circumstances; and

6. All other acts of negligence and/or omissions to be proven at the time of trial.

**19.** Each of the foregoing acts and/or omissions, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## VI. NEGLIGENCE OF ROSS M. DUNAGAN, INDIVIDUALLY, AND D/B/A RACEWARS 2

**20.** Said accident was proximately caused by various negligent acts and/or omissions of Defendant, ROSS M. DUNAGAN, Individually and D/B/A RACEWARS 2. They include:

1. In failing to properly design the race track;

2. Failing to submit his plans for safety to a safety expert;

3. Failing to provide proper crowd control;

4. Failing to provide proper traffic barriers;

5. Failing to insure that the vehicles being raced were in sound working order;

6. Failing to provide a safe location for his business invitees so that they could safely witness the race; and

7. All other acts of negligence and/or omissions to be proven at the time of trial.

**21.** Each of the foregoing acts and/or omissions, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## VII. NEGLIGENCE OF FLYIN' DIESEL PERFORMANCE & OFFROAD, LLC

**22.**     Said accident was proximately caused by various negligent acts and/or omissions

of Defendant, FLYIN' DIESEL PERFORMANCE & OFFROAD, LLC. They include:

1. In failing to provide a safe location to watch the event;
2. Failing to protect the invitees with traffic barriers;
3. Failing to adequately screen the contestants;
4. Failing to insure the vehicles were in proper working order;
5. Failing to provide proper security;
6. Failing to proper screen the contestants and vehicles;
7. Failing to enforce any and all safety plans; and
8.  All other acts of negligence and/or omissions to be proven at the time of trial.

**23.**     Each of the foregoing acts and/or omissions, taken separately and/or collectively,

constitute a direct and proximate cause of the injuries and damages set forth below.

## VIII. NEGLIGENCE OF JORDAN FORD, LTD

**24.**     Said accident was proximately caused by various negligent acts and/or omissions

of Defendant, JORDAN FORD, LTD.  The negligent acts and/or omissions include:

1. In failing to properly vet the sponsored activity for safety;
2. Failing to protect the invitees with traffic barriers;
3. Failing to adequately screen the contestants;
4. Failing to insure the vehicles were in proper working order;
5. Failing to provide proper security; and
6.  All other acts of negligence and/or omissions to be proven at the time of trial.

**25.**     Each of the foregoing acts and/or omissions, taken separately and/or collectively,

constitute a direct and proximate cause of the injuries and damages set forth below.

## IX. NEGLIGENT ENTRUSTMENT

**26.**     Plaintiffs allege that Defendant FERNANDO GARZA gave an improperly

maintained vehicle to driver, Defendant MICHAEL GONZALES. As a direct and

proximate result of these acts and/or omissions of negligence, Plaintiffs were caused to

suffer the severe injuries set forth below.

## X. NEGLIGENCE OF GENUINE PARTS COMPANY D/B/A NAPA AUTO PARTS

**27.**     Said accident was proximately caused by various negligent acts and/or omissions

of Defendant, GENUINE PARTS COMPANY D/B/A NAPA AUTO PARTS. The

negligent acts and/or omissions include:

1. In failing to properly vet the sponsored activity for safety;
2. Failing to protect the invitees with traffic barriers;
3. Failing to adequately screen the contestants;
4. Failing to insure the vehicles were in proper working order;
5. Failing to provide proper security; and
6.  All other acts of negligence and/or omissions to be proven at the time of trial.

**28.**     Each of the foregoing acts and/or omissions, taken separately and/or collectively,

constitute a direct and proximate cause of the injuries and damages set forth below.

## XI. NEGLIGENCE OF THE UNDERINSURED MOTORIST

**29.**     In this case the uninsured/underinsured motorist was MICHAEL GONZALES,

who failed to control his vehicle, thereby causing this horrific accident without the

necessary insurance resources to pay for the damages caused by his negligence. Plaintiffs are entitled to the protections afforded to them pursuant to their policy of insurance with PROGRESSIVE for which they now sue.

## XII.  CONDITIONS PRECEDENT

**30.**     Plaintiffs have complied with all conditions precedent to support the Plaintiffs' pleadings and causes of action, and to the invocation of insurance coverage prior to bringing this suit. All premiums have been timely paid and accepted by the corporate Defendant.

## XIII. BREACH OF CONTRACT

**31.**     Plaintiffs are beneficiaries to a contract with Defendant PROGRESSIVE for uninsured/underinsured motorist benefits, Defendant breached the contract, and, resultantly, Plaintiffs have suffered injury. Additionally, Plaintiffs requests relief under the Uniform Declaratory Judgments Act, Texas Civ. Prac. & Rem. Code §37.004 et. seq.

## XIV.  DECLARATORY JUDGMENT

**32.**     Pursuant to the Declaratory Judgments Act, Texas Civil Practice and Remedies Code Chapter 37, Plaintiffs seek a declaration that the third-party tortfeasor involved in the underlying accident is an uninsured/underinsured motor vehicle according to the terms of their insurance policy.

## XV. WRONGFUL DEATH AND SURVIVAL CAUSES OF ACTION

**33.**     As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiffs, SANTIAGO MARTINEZ and REBECCA CEDILLO, Deceased,

sustained numerous severe injuries which ultimately caused their deaths. Plaintiffs sue for each and every element of damage to which they are entitled by reason of the matters made the basis of this lawsuit.

**34.**     Plaintiffs are beneficiaries entitled to bring this action pursuant to the Wrongful Death Statute, Section 71.001 et. seq. of the Texas Civil Practice and Remedies Code. Further, this action is brought by Plaintiffs pursuant to the Survival Statute, Section 71.021 of the Texas Civil Practice & Remedies Code. SANTIAGO MARTINEZ and REBECCA CEDILLO, Deceased, died intestate. Plaintiffs are rightful heirs of the respective Deceased.

**35.**     As a direct and proximate result of the collisions, SANTIAGO MARTINEZ and REBECCA CEDILLO lost their lives. The wrongful death plaintiffs seek the following damages:

    a.  Pecuniary loss sustained in the past, including loss of the care, maintenance, support, services, advise, counsel and reasonable contributions of a pecuniary value, that would have been received by Plaintiffs from the deceased had they lived;

    b.  Pecuniary loss that will be sustained in the future;

    c.  Loss of companionship and society sustained in the past, loss of the positive benefit flowing from the love, comfort, companionship, and society that would have been received by Plaintiffs from the deceased had they lived;

    d.  Loss of companionship and society that in reasonable probability will be sustained in the future;

    e.  Mental anguish sustained in the past, emotional pain, torment, and suffering experienced Plaintiffs because of the deaths of the deceased;

    f.  Mental anguish that in reasonable probability will be sustained in the future; and

    g.  Loss of inheritance, present value of the assets that the deceased, in reasonable probability, would have added to their respective estates had the incident not happened.

**36.**    For each of the foregoing, Plaintiffs seek damages in an amount within the court's jurisdictional limits.

**37.**    As a direct and proximate result of the collisions, SANTIAGO MARTINEZ and REBECCA CEDILLO lost their lives. The survival cause of action Plaintiffs seek the following damages:

    a.  Reasonable and necessary funeral and burial expenses;

    b.  Reasonable and necessary medical expenses in the past; and

    c.  Physical pain and mental anguish suffered by SANTIAGO MARTINEZ and/or REBECCA CEDILLO prior to their deaths.

## XVI. BYSTANDER CLAIMS

**38.**    Plaintiffs incorporate the preceding paragraphs by reference and allege that Defendants negligently inflicted serious injuries to Plaintiffs. Further, Plaintiffs were located near the scene of the accident, suffered shock as a result of a direct emotional impact on their sensory and contemporaneous observance of the accident, and Plaintiffs are closely related to each other. As a direct and proximate result of the actions and/or inactions of Defendants, Plaintiffs have suffered mental anguish.

## XVII.  APPLICATION FOR TEMPORARY RESTRAINING ORDER

39.    **Defendants have committed wrongful acts**. Plaintiffs have filed suit in this matter, however, the Defendants have yet to file an answer. Plaintiffs' Original Petition is on file with this court and incorporated herein by reference. Plaintiffs' Original Petition includes claims for negligence on the part of Defendants.

40.    **Plaintiffs have a probable right to relief**. This case involves catastrophic injuries sustained by the Plaintiffs. Their injuries occurred through no fault of their own. The facts of this case will clearly demonstrate that the acts and/or omissions of the Defendants caused the injuries to the Plaintiffs. As such, Plaintiffs have a probable right to relief on the merits.

41.    **Plaintiffs will suffer probable injury if injunctive relief is not granted**. The harm is imminent. It is necessary for Plaintiffs to have Defendants preserve the subject vehicle and all other evidence in its current state and location so their representatives can immediately inspect the vehicle and evidence, for the purpose of inspecting, measuring, surveying, photographing, videotaping, and examining same and in order to gather and preserve material evidence necessary for the proper investigation and/or determination of the facts and circumstances in question in connection with Plaintiffs' claims under applicable Texas laws.

42.    **Plaintiffs will sustain imminent and irreparable harm if the relief requested herein is not granted**. Plaintiffs have been informed and believe, and on such information and belief, allege that Defendants and/or their respective agents, servants

Plaintiffs' Original Petition
12 | Page of 17

and/or employees have already begun their investigation of the incident made the basis of this lawsuit, and that the evidence and the subject vehicle is not being preserved by any investigative authorities, and that material evidence may be lost, altered or destroyed.

43.  **The probable injury will be irreparable if injunctive relief is not granted**. If Defendants are not prevented or denied from doing any additional investigation, repairs, testing or moving of evidence, Defendants will likely engage in modifications, alterations, repairs or moving of evidence that will impair the development and prosecution of this case.

44.  It is critical to the investigation and proof of the Plaintiffs' claims alleged herein that they be allowed to inspect, measure, survey, photograph, videotape, and examine the subject vehicle and all other related evidence prior to it being altered, moved, or destroyed. Relief is requested in order to gather and preserve material evidence, which is necessary for the proper investigation and/or determination of the true facts and circumstances in question in connection with Plaintiffs' claims.

45.  **Plaintiffs have no adequate remedy at law**. There is no legal remedy available to Plaintiffs that will protect their rights and interests in this litigation if critical physical evidence is moved, lost, destroyed, or modified. There are no reliable methods of calculating damages to Plaintiffs if such physical evidence is lost, destroyed, or modified.

46.     **Plaintiffs have acted timely and are willing to post a bond**. The undersigned

law firm was recently hired by Plaintiffs to prosecute the causes of action stated herein

against Defendants and have attempted to reach an agreement concerning the

preservation of the subject vehicle.

47.     Plaintiffs believe that time is of the extreme essence in obtaining the relief

requested herein and that, under this emergency situation, there is not enough time to

serve notice on Defendants and hold a hearing, although Plaintiffs will make every

reasonable effort to notify Defendants of a hearing on their application for Temporary

Restraining Order and/or Temporary Injunction.

## XVIII. TEMPORARY INJUNCTION

48.     Plaintiffs incorporate the foregoing paragraphs by reference as well as the

original pleadings on file in this matter.

49.     Plaintiffs hereby pray for a temporary injunction prohibiting the following acts by

Defendants until such time as may be ordered by the Court or agreed to by the parties:

1) Altering, repairing, moving, modifying, damaging, destroying, conveying, transferring, or in any way changing the condition of the vehicle involved in this accident a 1990 Ford Mustang with license plate of "ASSMAN"; and

2) Plaintiffs are willing to post a bond.

50.     Plaintiffs further request that the Defendants be cited  to appear and show cause,

and, that upon such hearing, a Temporary Injunction be issued enjoining the

Defendants, their respective agents, servants, employees, representatives or anyone

acting at their direction or in concert with said Defendants, from altering, repairing,

modifying, damaging, destroying, or in any way changing the condition of the subject vehicle involved in the October 23, 2021 incident, until at least such time as Plaintiffs have had a full opportunity to inspect, measure, survey, photograph, videotape, copy and examine same, for the duration of this litigation as necessary.

**51.**     Plaintiffs further request that, after temporary injunction hearing, this Honorable Court issue a Temporary Injunction directing Defendants to allow Plaintiffs and/or their representatives full and complete access to the subject vehicle and evidence herewith and relevant to the incident.

### XIX. NOTICE OF DEMAND FOR PRESERVATION

**52.**     This notice is to formally demand preservation of any evidence related to the subject incident, inclusive of but not limited to documents and items responsive to Plaintiffs' Discovery Requests. If you fail to properly secure and preserve these important pieces of evidence, there may be a legal presumption that the evidence would have been harmful to your side of the case. Failure to preserve and maintain this evidence may result in the imposition of sanctions by a court, after proper motion and hearing. The destruction/alteration, or loss of any evidence that you are required to maintain could prove detrimental to your defense and request is made that it be preserved and not be destroyed, modified, altered, repaired, or changed in any manner. IMMEDIATELY PRINT AND SAVE ON PAPER ALL OF THE ELECTRONIC RECORDS REQUESTED AND IN ALL FUTURE REQUESTS, IN ADDITION TO ELECTRONICALLY PRESERVING ALL ELECTRONIC RECORDS.

## XX. NOTICE OF SELF-AUTHENTICATION

**53.**     Pursuant to Texas Rules of Civil Procedure 193.7, Defendants are noticed that the production of any documents in response to written discovery authenticates the document for use against that party in any pretrial proceeding or trial.

## XXI. PRIVILEGE LOG REQUEST

**54.**     If Defendants seek to exclude from discovery any information, documents or tangible things sought by claiming that material or information otherwise responsive to this written discovery is privileged, accept this as Plaintiffs' request for a privilege log that generally identifies and/or describes the withheld information, documents, or tangible things pursuant to the TEXAS RULES OF CIVIL PROCEDURE.

**55.**     **PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY.**

**56.**     WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon final trial of this cause, they recover judgment of and against the Defendants for damages in a sum in excess of the minimum jurisdictional limits of the court, plus interest thereon at the legal rate, for pre- and post-judgment interest, for costs of court, and for such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

**GENE TOSCANO, INC.**
846 Culebra Road
San Antonio, Texas 78201
Telephone: 210/732.6091
Telecopier: 210/735.4167

BY:    /s/ *Andrew E. Toscano*

     ANDREW E. TOSCANO
     State Bar No. 00786832
     atoscano@genetoscano.com

and

**LAW OFFICE OF SHAWN C. BROWN, P.C.**
540 S. St. Mary's Street
San Antonio, Texas 78205
Telephone: 210/224-8200
Telecopier: 210/224-8214

     Shawn C. Brown
     State Bar No. 24003613
     shawn@shawnbrownlaw.com

**ATTORNEYS FOR PLAINTIFFS
ABEL & KARLA MARTINEZ, JR.
INDIVIDUALLY AND ET UX, AND
AS NATURAL PARENTS AND
REPRESENTATIVES OF THE ESTATE OF
SANTIAGO MARTINEZ, DECEASED, AND
FRANCISCO GERARDO RECIO PALACIOS,
INDIVIDUALLY AND O/B/O THE ESTATE OF
REBECCA CEDILLO, DECEASED, AND THEIR
SURVIVING NATURAL CHILDREN**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Andrew Toscano
Bar No. 786832
genetoscano@genetoscano.com
Envelope ID: 58921734
Status as of 11/8/2021 8:21 AM CST

Associated Case Party: Karla Martinez

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Shawn Brown | | shawn@shawnbrownlaw.com | 11/5/2021 5:50:12 PM | SENT |
| Andrew E. Toscano | | atoscano@genetoscano.com | 11/5/2021 5:50:12 PM | SENT |

Associated Case Party: Abel Martinez

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Shawn Brown | | shawn@shawnbrownlaw.com | 11/5/2021 5:50:12 PM | SENT |
| Andrew E. Toscano | | atoscano@genetoscano.com | 11/5/2021 5:50:12 PM | SENT |

Associated Case Party: The Estate of Rebecca Cedillo

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Shawn Brown | | shawn@shawnbrownlaw.com | 11/5/2021 5:50:12 PM | SENT |
| Andrew E. Toscano | | atoscano@genetoscano.com | 11/5/2021 5:50:12 PM | SENT |

Associated Case Party: FranciscoGerardo RecioPalacios

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Shawn Brown | | shawn@shawnbrownlaw.com | 11/5/2021 5:50:12 PM | SENT |
| Andrew E. Toscano | | atoscano@genetoscano.com | 11/5/2021 5:50:12 PM | SENT |

Associated Case Party: The Estate of Santiago Martinez

| Name |
|------|
| Shawn Brown |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Andrew Toscano
Bar No. 786832
genetoscano@genetoscano.com
Envelope ID: 58921734
Status as of 11/8/2021 8:21 AM CST

Associated Case Party: The Estate of Santiago Martinez

| Andrew E. Toscano | | atoscano@genetoscano.com | 11/5/2021 5:50:12 PM | SENT |
|---|---|---|---|---|