IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KINSALE INSURANCE COMPANY, <br> Plaintiff | § § § | |
| v. | § § | CIVIL ACTION NO. 5:22-CV-00048-JKP |
| FLYIN' DIESEL PERFORMANCE & OFFROAD, LLC, ET. AL. <br> Defendant | § § § § | |

**DEFENDANTS FLYIN' DIESEL PERFORMANCE & OFFROAD, LLC'S
AND ROSS M. DUNAGAN'S ANSWER TO COMPLAINT FOR DECLARATORY
JUDGMENT AND COUNTERCLAIM FOR DECLARATORY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Flyin' Diesel Performance & Offroad, LLC ("Flyin' Diesel") and Ross M. Dunagan ("Dunagan) Defendants, respectfully file this answer to Plaintiff's complaint for declaratory judgment and counterclaim for declaratory judgment and would show:

**PARTIES**

1. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. Defendants admit that (a) Flyin' Diesel is a Texas limited liability company with headquarters in Kerrville, Kerr County, Texas; and (b) Flyin' Diesel was served by and through its agent for service of process in the State of Texas.

3. Defendant admits the allegations stated in paragraph 3.

4. Paragraphs 4, 5, 6, 7 and 8 do not relate to defendants Flyin' Diesel and Dunagan.

## JURISDICTION AND VENUE

5. Defendants admit the allegations in paragraph 9.

6. Defendants admit the allegations in paragraph 10.

## FACTS

7. Defendants admit that: Flyin' Diesel sponsored and organized an event called "Race Wars 2" and that Michael Gonzalez, while driving a vehicle, lost control and collided with race spectators, but except as so admitted deny the allegations in paragraph 11.

8. Defendants admit the allegations in paragraph 12.

9. Defendants admit that paragraph 13 accurately states a portion of the applicable policy of insurance.

10. Defendants admit that the Policy contains several endorsements/exclusions, but except as so admitted denies the allegations in paragraph 14.

11[1]. Defendants admits the allegations of 12b.

## CAUSES OF ACTION

12. Defendants are not required to admit or deny the request in paragraph 13b for declaratory relief. But Defendants deny the portion of paragraph 13b in which plaintiff states that it will never have a duty to pay any indemnity in the underlying matter.

13. Defendants deny the allegations in paragraph 14b.

14. Defendants deny the allegations in paragraph 15.

---

[1] The Complaint includes duplicate paragraphs 12, 13 and 14. Defendants refer to the second set of paragraphs 12, 13 and 14 in this answer as 12b, 13b, and 14b.

15. Defendants admit that Plaintiff has accurately set forth language from the policy in paragraph 16, but otherwise deny the allegations in paragraph 16.

16. Defendants admit that Plaintiff has accurately set forth language from the policy in paragraph 17, but otherwise deny the allegations in paragraph 17.

17. Defendants admit that Plaintiff has accurately set forth language from the policy in paragraph 18, but otherwise deny the allegations in paragraph 18.

18. Defendants admit that Plaintiff has accurately set forth language from the policy in paragraph 19, but otherwise deny the allegations in paragraph 19.

19. Defendants are not required to admit or deny the contents of paragraphs 20 and 21 as they only include requests for relief.

## DEFENSES

20. **Ambiguity** -- The policy is ambiguous. Specifically, the policy's Commercial General Liability Form does not exclude the event made the basis of the underlying claims. The "Coverage for Designated Events – Commercial General Liability" form specifically provides coverage for the "Race Wars 2" event in question. The form states in part, "This insurance applies to "bodily injury", "property damage" or "personal and advertising injury" arising out of the ownership, maintenance or use of premises for the designated event(s) in the above Schedule, including any property located on these premises during the designated event(s)." It also states, "ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED."

All of the exclusions that Kinsale claims exclude coverage for the underlying event also state "ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED."

The language of the Designated Event endorsement and the exclusionary endorsements conflict. Therefore, the policy is ambiguous and should be interpreted in favor of coverage.

21. **The Illusory Coverage Doctrine** – Texas disfavors constructions of insurance contracts that render all coverage illusory. The policy in question is a specialized, one-day commercial general liability policy taken out by the defendants to protect against accidents occurring at the special event described in the policy as "Race Wars 2", a drag racing event. Further, and as stated above, the endorsement "Coverage for Designated Events – Commercial General Liability" form specifically provides coverage for the "Race Wars 2" event in question. The litany of exclusions cited by Kinsale eliminate all coverage for potential liability to the defendants arising from the "Race Wars 2" event, and therefore render the Policy illusory. As a result, those exclusions should not be construed as limiting the affirmative coverage provided by the commercial general liability form and the "Coverage for Designated Events – Commercial General Liability" form.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

22. Pursuant to the Federal Declaratory Judgment Act, Defendants seek a declaration from this Court, including, but not limited to the following: (1) That Kinsale owes a duty to defend and a duty to indemnify the Defendants in the underlying lawsuit; (2) That the policy is ambiguous as described above; and (3) That the Illusory Coverage Doctrine requires that Kinsale provide a defense and indemnification in this matter.

## PRAYER FOR RELIEF

23. Defendants deny Plaintiffs claim and request that the Court rule that Plaintiff take nothing by its claims. Defendants also request that the Court enter judgment in their favor and against Plaintiff on Defendants' counterclaims, make the declarations requested above, and award Defendants their actual damages, reasonable and necessary attorney's fees and costs of court.

Respectfully submitted,

 /s/Jon Smith
JON MICHAEL SMITH
State Bar No. 18630750
3305 Northland Drive
Suite 500
Austin, Texas 78731
Telephone:  (512) 371-1006
Facsimile:  (512) 476-6685
jon@jonmichaelsmith.com
***ATTORNEY FOR DEFENDANT
FLYIN' DIESEL PERFORMANCE &
OFFROAD, LLC***

**CERTIFICATE OF SERVICE**

      I, Jon Michael Smith, do hereby certify that pursuant to Fed.R.Civ.P.5, a true and correct copy of the foregoing documents has been forwarded via the Case Management/Electronic Case Files ("CM/ECF") system and via email on May 17, 2022, to the following counsel of record:

Gregory S. Hudson                        ghudson@cozen.com
COZEN O'CONNOR
Lyondell Basell Tower
1221 McKinney St.
Suite 2900
Houston, Texas 77010
***ATTORNEY FOR PLAINTIFF***

                                        */s/Jon Smith*
                                        Jon Michael Smith